HON. ZENON LABAUVE, } *Associate Justices.*
HON. A. G. TALIAFERRO,

---

PIERRE M. BACKEN, Administrator, etc. *v.* A. W. HAMILTON, et al.

Purchasers at Sheriff's sale are bound, as to the terms of payment, by the terms announced by the Sheriff at the time of sale.

APPEAL from the District Court, Parish of Natchitoches, *Lewis*, J. C. H. *Parson*, for appellant. *Geo. W. Kearney*, and *A. W. Hamilton*, appellee, in propria persona.

The facts are stated in the opinion of the Court.

LABAUVE, J. This suit is brought on a note, dated 16th November, 1864, for $351 50, payable one year after its date, to the plaintiff, in his capacity, and signed in solido by the defendants. This note was given for the aggregate price of divers articles of movables, sold at the judicial sale of the succession of Pierre Reesca.

The defence admits the execution of the note, but denies that there was a valid or legal consideration for the same, and alleges that by the advertisement and terms and conditions of the sale, the effects of the said succession were understood to be payable in Confederate or State papers, which were of no value, and any contract based on such papers was opposed to public order, etc.

The District Court gave judgment for the defendants, and the plaintiff appealed.

The evidence shows that the terms of sale were: for all sums up to fifty dollars, inclusive, cash, payable in Confederate or State papers; for all sums above fifty dollars, on a credit of one year from the day of sale ; the purchasers, on credit terms, giving their promissory notes satisfactorily secured, in solido, and bearing eight per cent. interest per annum, from date till paid. The proces-verbal of sale, introduced in evidence by de-

50

fendants, shows that, after reading in an audible voice, the advertisement, in the French and English languages, the terms and conditions of sale, the sheriff proceeded to offer the property, and that it was then that A. W. Hamilton bought divers articles, and executed his note, sued on, with his co-defendant in solido. The conditions of sale are very clear : any purchaser above fifty dollars knew that he had to give his note, secured in solido, payable in a year; and nothing is said as to what currency with which such note was to be paid; and the presumption is that the parties contemplated that payment should be made in the legal currency of the country when such note should become due.

The defendants have attempted to prove that the impression was, that purchasers would be allowed to pay in Confederate money. They had no right to believe any such thing; their guide was the terms announced to them by the sheriff. It is not alleged or pretended that they have been deceived by fraud or ill practice. We are of opinion that the judgment appealed from is erroneous.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed. It is further ordered, adjudged and decreed, that the defendants, A. W. Hamilton and George W. Kearney, pay in solido to the plaintiff, Pierre M. Backen, administrator, the sum of three hundred and fifty-one dollars and fifty cents, with eight per cent interest per annum, from the 16th November, 1864, till paid, and costs of suit in both Courts.